[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11959
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00050-WS-C

MURRAY G. LAWRENCE,

Plaintiff - Appellee,

versus

CITY OF FAIRHOPE, ALABAMA,
WENDELL THOMAS,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 10, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On January 26, 2007, Murray G. Lawrence, an African-American male, was

walking through a neighborhood in the City of Fairhope, Alabama, with three white male associates when Lawrence called out to a passing police patrol car. A verbal exchange ensued; within a few minutes, Officer Wendell Thomas arrested Lawrence for disorderly conduct and took him to jail in handcuffs. On January 29, Officer Thomas filed a criminal complaint against Lawrence for congregating with another person in a public place and refusing to comply with a lawful order of the police to disperse. Lawrence was convicted in municipal court but subsequently acquitted by a jury on appeal in a circuit court. He then brought the lawsuit that is the subject of this appeal against Officer Thomas and Thomas's employer, the City of Fairhope, Alabama (collectively, "Appellants"), requesting compensatory and punitive damages, as well as costs and attorneys' fees.

The district court granted Officer Thomas qualified immunity with respect to Lawrence's constitutional claims related to false arrest, false imprisonment, and assault and battery, but denied summary judgment based on qualified immunity with respect to Lawrence's constitutional claim for malicious prosecution. Additionally, the court denied Officer Thomas's motion for summary judgment on the grounds of statutory immunity as to Lawrence's state-law claims, which include false arrest, false imprisonment, malicious prosecution, and assault and battery. Further, the district court granted summary judgment in favor the City of

Fairhope with respect to Lawrence's state-law claims for false imprisonment, malicious prosecution, and negligent training and supervision, but denied summary judgment with respect to the state-law claims for false arrest and assault and battery.

In this interlocutory appeal, Appellants argue that the district court erred by denying summary judgment as to their defenses of (1) qualified immunity for Lawrence's constitutional malicious-prosecution claim against Officer Thomas and (2) statutory immunity for Lawrence's state-law claims of assault and battery and false arrest against Appellants, and (3) statutory immunity for false imprisonment and malicious prosecution against Officer Thomas.[1]

## DISCUSSION

"We review *de novo* the denial of a motion for summary judgment based on qualified immunity." *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010). Summary judgment is appropriate when the pleadings, discovery materials on file, and affidavits fail to raise a genuine issue of material fact. *Id.* We view the record evidence and draw all reasonable inferences from that evidence in the

---

[1]As the district court noted, Lawrence's complaint was "not a model of clarity." Because "[t]he complaint contain[ed] no specific identification as to whether any given count [wa]s brought as a state claim, a constitutional claim, or both," the district court interpreted the claims as described above. The parties appear to adopt the district court's characterization of Lawrence's claims in their briefs, so this Court will do the same.

3

light most favorable to the nonmovant so long as such inferences are supportable by the record. *Id.*

1.    *Qualified Immunity for Constitutional Claim of Malicious Prosecution*

In denying qualified immunity, the district court found that Appellants failed to make the required threshold showing that Officer Thomas was acting within his discretionary authority when he initiated a criminal complaint against Lawrence. It further stated that, even if Appellants had successfully made this showing, the evidence in the record—viewed in the light most favorable to Lawrence—does not establish that Officer Thomas had probable cause to institute criminal proceedings. We agree on both grounds.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Wood v. Kesler*, 323 F.3d 872, 877 (11th Cir. 2003) (internal quotation marks omitted). Further, "[to] determine whether an official was engaged in a discretionary

4

function, [courts] consider whether the acts the official undertook are of a type that fell within the employee's job responsibilities." *Crosby v. Monroe Cnty.,* 394 F.3d 1328, 1332 (11th Cir. 2004) (internal quotation marks omitted).

Here, we find that Appellants failed to satisfy this threshold showing with respect to Lawrence's malicious-prosecution claim. As the district court noted, Appellants made no assertion and showed no facts suggesting that filing the criminal complaint three days after the arrest was within Officer Thomas's discretionary authority. *Cf. Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998) ("A bald assertion that the [officer's] act[ion]s were taken pursuant to the performance of duties and within the scope of duties will not suffice." (internal quotation marks omitted)). Merely stating that Officer Thomas was a law enforcement officer employed by the City of Fairhope on the date of the events at issue is insufficient. *See id.* Also insufficient is asserting that Officer Thomas was acting within the scope of his authority when he arrested Lawrence.

But even assuming that Officer Thomas had established that he was acting within his discretionary authority, he still would not be entitled to qualified immunity because he lacked probable cause for filing the criminal complaint. "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not

5

appropriate." *Wood*, 323 F.3d at 877 (internal quotation marks omitted). To do so, the plaintiff must first show facts establishing a constitutional violation. *Id.* A plaintiff seeking to establish a malicious-prosecution claim after acquittal must prove, *inter alia*, that the officer lacked probable cause for charging the crime in the first place. *Hartman v. Moore*, 547 U.S. 250, 258, 265–66 (2006). If the plaintiff's allegations taken as true establish a constitutional violation, the question becomes whether the right was clearly established. *Wood*, at 323 F.3d at 878. The parties both concede that the success of Lawrence's malicious-prosecution claim turns on whether Officer Thomas had probable cause.

We agree with the district court that, based on Lawrence's version of the facts surrounding his arrest for disorderly conduct, Officer Thomas lacked probable cause for filing the criminal complaint against Lawrence. The January 29 criminal complaint expressly charges Lawrence with a violation of subsection (6) of Ala. Code § 13-A-11-7(a), which provides that a person who "[c]ongregates with other person [sic] in a public place and refuses to comply with a lawful order of the police to disperse" may be arrested for disorderly conduct. However, as the district court noted, there is conflicting evidence as to whether Lawrence was by himself or with two other individuals when Officer Thomas ordered him not to move towards the patrol car. Based on Lawrence's version of the facts

6

surrounding the initial arrest, Officer Thomas could not reasonably have believed that he had probable cause for charging Lawrence with a violation of subsection (6).

Appellants argue that even if Officer Thomas lacked probable cause for filing the criminal charge, no constitutional or statutory right was clearly established at the time the events at issue occurred. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Vinyard,* 311 F.3d at 1350 (emphasis omitted) (internal quotation marks omitted). Long before the events at issue here took place, this Court had established "malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood*, 323 F.3d at 881. Viewing the facts in the light most favorable to Lawrence supports a conclusion that Officer Thomas lacked reasonable grounds to file a criminal complaint based on subsection (6) of Ala. Code § 13-A-11-7(a)—as explained above, there is conflicting record evidence as to whether Lawrence was alone or with others when Officer Thomas ordered him to stay away from the police car. Because a reasonable officer would know that filing a false criminal complaint would be unlawful, under this view of the facts, qualified immunity cannot protect Officer

7

Thomas from liability for malicious prosecution. *See Kjellsen v. Mills*, 517 F.3d 1232, 1238 (11th Cir. 2008) (stating that, to avoid liability for malicious prosecution, an officer must have probable cause "to *continue* a prosecution, not just to arrest a defendant or to institute a prosecution").

Thus, we affirm the district court's decision to deny summary judgment based on qualified immunity as to Lawrence's federal constitutional claim for malicious prosecution.

2.    *Statutory Immunity for State-Law Claims of False Arrest and Imprisonment,*
      *Malicious Prosecution, and Assault & Battery*

The district court denied Officer Thomas statutory immunity as to Lawrence's state-law claims for malicious prosecution, false arrest, false imprisonment, and assault and battery. It also denied the City of Fairhope statutory immunity with respect to Lawrence's claims of false arrest and assault and battery. For the following reasons, we affirm.

In Alabama, law enforcement officers may invoke statutory immunity from civil suit for the "performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338. Acts performed within an officer's discretionary function are those "as to which there is

8

no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Sheth v. Webster*, 145 F.3d 1231, 1239 (11th Cir. 1998) (per curiam) (internal quotation mark omitted). "[A] court first determines whether the government defendant was performing a discretionary function when the alleged wrong occurred; if so, the burden shifts to the plaintiff to demonstrate that the defendant[] acted in bad faith, with malice or willfulness . . . ." *Scarbrough v. Myles*, 245 F.3d 1299, 1303 n.9 (11th Cir. 2001) (per curiam) (alteration in original) (internal quotation mark omitted).

In *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), the Supreme Court of Alabama "restate[d] the rule governing State-agent immunity." In doing so, it departed from the federal law governing qualified immunity by adding what appears to be a bad-faith exception. After stating that a state agent "*shall* be immune from civil liability" when acting within his discretionary functions, the court added: "Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States . . . require otherwise; *or* (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken

9

interpretation of the law." *Id.* (third emphasis added). The second exception to state-agent immunity appears to be subjective; it requires an evaluation of the facts that goes beyond merely determining whether an officer had probable cause for the conduct at issue.

After careful review of the parties' briefs and relevant evidence in the record, and viewing the facts in the light most favorable to Lawrence, we conclude that Lawrence has shown facts indicating that Officer Thomas acted in bad faith, with malice, or willfulness with respect to the remaining state-law claims. As the district court noted, the evidence in the record of personal animosity supports a reasonable inference that Officer Thomas acted upon personal ill will that he felt towards Lawrence based on their ten-year history, or upon racial animosity towards Lawrence. We agree with the district court that "[Officer] Thomas has been all over the map as to why he arrested [Lawrence]." Further, or in the alternative, the City of Fairhope is not entitled to immunity because Lawrence has met his burden of showing that Officer Thomas may have acted with neglect, carelessness, or unskillfulness. *See Borders v. City of Huntsville*, 875 So. 2d. 1168, 1183–84 (Ala. 2003) (denying immunity to the city where the plaintiff's state-law claims of excessive use of force, false arrest, false imprisonment, and assault and battery were based on the officer's alleged neglect, carelessness, and

unskillfulness).

Finally, as discussed in the previous section, Lawrence has created a genuine issue of material fact as to whether Officer Thomas had probable cause for filing the criminal complaint against Lawrence; thus, the district court properly denied statutory immunity with respect to the state-law claim for malicious prosecution.

Accordingly, we affirm the district court's judgment on all grounds.

**AFFIRMED.**